IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEDICAL REIMBURSEMENT DATA MANAGEMENT, LLC, | : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| AETNA HEALTH INC., et al., | : | No. 12-1699 |
| Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                           **July 12, 2012**

Medical Reimbursement Data Management, LLC ("MRDM") sued Aetna Health Inc., Aetna Inc., and Aetna Health Insurance Company (collectively, "Aetna") for breach of contract and misappropriation of trade secrets. Currently before the Court is Aetna's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

**I.      BACKGROUND**

Aetna, a national health care insurer, hired MRDM to audit its laboratory claims payment policies. (Am. Compl. ¶ 20.) Based on its evaluation, MRDM recommended changes to Aetna's policies to reduce overpayments, multiple payments, and double payments of medical bills. (*Id.* ¶¶ 23-24.) MRDM alleges that Aetna breached the parties' written confidentiality agreement (the "Agreement") by using those recommendations without entering into a separate written agreement. (*Id.* ¶¶ 25-28.)

On April 4, 2012, MRDM initiated a lawsuit against Aetna in this Court. Aetna filed a motion to dismiss the Amended Complaint on June 4, 2012, arguing that Paragraph 10 of the Agreement precludes MRDM from bringing its claims in federal court. Paragraph 10 of the

Agreement provides:

> This Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania. *Consultant and Company agree that any action brought under this Agreement shall be exclusively brought in the courts of the Commonwealth of Pennsylvania, County of Montgomery* it being acknowledged that Company maintains its regional headquarters in said county and that this agreement will be executed by Company in said county. Consultant irrevocably consents to the personal jurisdiction of the courts of the Commonwealth of Pennsylvania.

(Am. Compl. Ex. A [Agreement] ¶ 10 (emphasis added).) MRDM opposes the motion, asserting that Paragraph 5 of the Agreement directly contradicts Paragraph 10. Paragraph 5 of the Agreement states:

> The parties hereby agree and acknowledge that both parties operate in a highly competitive market; any breach of this Agreement would have an adverse financial effect on the non-breaching party and will cause irreparable harm and significant injury which will be difficult to measure with certainty or to compensate through damages, and that any remedies provided at law to the non-breaching party cannot adequately compensate the non-breaching party of any of the provisions in this Agreement. Accordingly, in addition to all other rights and remedies available to it, *the non-breaching party shall be entitled as a matter of right to injunctive and other equitable relief in any court of competent jurisdiction*.

(*Id.* ¶ 5 (emphasis added).)

## II.   STANDARD OF REVIEW

A federal court sitting in diversity determines the effect to be given a contractual forum selection clause based on federal, not state law. *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 84 (3d Cir. 2006). The Third Circuit has made clear that dismissal under Federal Rule of Civil Procedure 12(b)(6) is a permissible means of enforcing a forum selection clause. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001). Nonetheless, "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum

selection clause that points to another federal venue, to transfer rather than dismiss." *Id.* However, "when a forum selection clause specifies a non-federal forum," a district court has "no choice but to dismiss the action so it can be filed in the appropriate forum." *Id.* at 298; *see also Wall St. Aubrey Golf*, 189 F. App'x at 87.

### III. DISCUSSION

Aetna asserts that this action must be dismissed because Paragraph 10 of the Agreement requires MRDM to bring its claims in the Montgomery County Court of Common Pleas. Paragraph 10 states that "any action brought under this Agreement shall be exclusively brought in the courts of the Commonwealth of Pennsylvania, County of Montgomery." MRDM responds that Paragraph 5 of the Agreement directly conflicts with Paragraph 10, creating an ambiguity in the contract. Paragraph 5 states that, in the event the Agreement is breached, "the non-breaching party shall be entitled as a matter of right to injunctive and other equitable relief in any court of competent jurisdiction." MRDM further contends that any ambiguity in the Agreement must be construed against Aetna as the drafter. Therefore, MRDM claims, Paragraph 10 is unenforceable.

Forum selection clauses are *prima facie* valid and should be enforced unless the objecting party can show that the circumstances render enforcement unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). "[F]orum selection clauses are treated as ordinary contract provisions and are subject to the ordinary rules of contract interpretation." *Health Robotics, LLC v. Bennett*, Civ. A. No. 09-627, 2009 WL 1708067, at *2 (E.D. Pa. June 16, 2009). "[T]he paramount goal of contract interpretation is to determine the intent of the parties." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir. 2009) (internal quotation marks omitted). The clearest

manifestation of the intent of the parties is the contract language itself. *See Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 76 (3d Cir. 2011). "A contract is to be considered as a whole, and, if possible, all its provisions should be given effect; while a contract's provisions must be interpreted with reference to the whole the specific controls the general; and a contract should be construed so as to give effect to its general purpose." *Capitol Bus Co. v. Blue Bird Coach Lines, Inc.*, 478 F.2d 556, 560 (3d Cir. 1973). Though ambiguous terms may be construed against the drafter, a court should avoid finding an ambiguity if possible under the plain language of the contract. *Wall St. Aubrey Golf*, 189 F. App'x at 85.

Applying these principles of construction, the Court concludes that Paragraph 10 of the Agreement prevents MRDM from pursuing its claims in this forum. While Paragraph 5 addresses the ability of the non-breaching party to obtain injunctive and other equitable relief "in any court of competent jurisdiction," Paragraph 10 provides that "any action brought under this Agreement shall be exclusively brought in the courts of the Commonwealth of Pennsylvania, County of Montgomery." Giving meaning and effect to all of the terms of the contract, the Court reads the more specific language of Paragraph 10 to clarify what constitutes a "court of competent jurisdiction" under Paragraph 5. Therefore, there is no conflict between the provisions or ambiguity in the Agreement. MRDM must bring its claims in the Montgomery County Court of Common Pleas.

## IV.   CONCLUSION

Because a forum selection clause requires MRDM to bring its claims in the Montgomery County Court of Common Pleas, the Court will grant the motion to dismiss. An Order consistent with this Memorandum will be docketed separately.